**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                              13-101-SDD-RLB

GODFREY MCALLISTER

<u>**RULING**</u>

This matter is before the Court on the *Motion for Judgment Nunc Pro Tunc By A Person in Federal Custody*[1] filed by Godfrey McAllister ("McAllister"), an inmate in federal custody.  The United States ("the Government") has filed an *Opposition*[2] to this motion. For the reasons set forth below, McAllister's motion shall be DENIED.

**I.      FACTUAL BACKGROUND**

On September 24, 2014, the Court sentenced McAllister to a 63 month term of imprisonment to be followed by a three year term of supervised release.[3]  On October 20, 2016, McAllister filed the present motion seeking jail time credit per 18 U.S.C. § 3585(b).[4] According to McAllister, "the Bureau of Prisons has deprived him the jail time credit for which he spent in both the *East Baton Rouge Parish Jail*, and the *Ascension Parish Jail*."[5] McAllister argues that he has been deprived of 21 months jail time credit: 10 months in East Baton Rouge jail, 7 months in Ascension Parish jail, and 4 months in the custody of

---

[1] Rec. Doc. 27.
[2] Rec. Doc. 29.
[3] Rec. Doc. 25.
[4] Rec. Doc. 27, p. 2.
[5] *Id.* at p. 3 (emphasis original).
41335

the Bureau of Prisons.[6] McAllister argues that he is due the 21 month jail time credit because "[his] arrest by federal officials arose from the same **incident** or **occurrence** for which the *East Baton Rouge* Police Department originally arrested him for. (i.e., being a felon [i]n possession of a firearm.)"[7]

The Government argues that the Court may not decide the present motion because McAllister has not exhausted his administrative remedies.[8] The Government argues in the alternative, "[e]ven if defendant could demonstrate that he had exhausted his administrative remedies, this Court still would not have jurisdiction to review a § 2241 motion. A properly filed § 2241 motion must be filed in the district court where the defendant is presently incarcerated, or the prisoner's immediate custodian."[9]

## II.  LAW AND ANALYSIS - § 2241

The Fifth Circuit in *Pack v. Yusuff* held: "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."[10] McAllister is incarcerated at a federal prison in Pollock, Louisiana.[11] Pollock, Louisiana is located within the jurisdiction the United States District Court for the Western District of Louisiana. Accordingly, given the Fifth Circuit's holding in *Pack*, the Court cannot grant the Defendant's section 2241 motion because he is not incarcerated within the district of this Court.

---

[6] *Id.*
[7] *Id.* (emphasis original).
[8] Rec. Doc. 29, p. 3.
[9] *Id.* at p. 4.
[10] 218 F.3d 448, 451 (5th Cir. 2000).
[11] Rec. Doc. 27-2, p. 1.
41335

**III.    CONCLUSION**

For the reasons set forth above, the Defendant's *Motion for Judgment Nunc Pro Tunc*[12] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>September 25, 2017</u>.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[12] Rec. Doc. 27.
41335